IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JACOB NALL,

          Plaintiff,

   v.

SUSSEX CORRECTIONAL
INSTITUTION, et al.,

          Defendants.

: CONSOLIDATED
: Civil Action. No. 19-2187-RGA

Jacob Nall, Berlin, Maryland. Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 24, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Jacob Benjamin Nall, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on November 25, 2019. (D.I. 2). On December 19, 2019, the case was consolidated with three other cases filed by Plaintiff. (*See* D.I. 10). Plaintiff asserts jurisdiction by reason of a federal question and diversity of citizenship.[1] Plaintiff filed an Amended Complaint on January 7, 2020 which I will review and screen under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

While the Amended Complaint does not assert that it is brought pursuant to any particular statute, the allegations indicate the claims arise under 42 U.S.C. § 1983.[2] Plaintiff alleges violations of the Fifth and Eighth Amendments to the United States Constitution and the Geneva Convention, as well as assault and battery, all occurring while Plaintiff was held at Sussex Correctional Institution in Georgetown, Delaware, from February 6, 2019 through April 23, 2019. (D.I. 13 at 3, 4). Named Defendants are SCI, the State of Delaware (bail hearing), Peter H. Niebyl, M.D., Anne P. Spillane, M.D., Louise Bounds, and James Bounds.

---

[1] The parties are not diverse. The Amended Complaint provides Maryland addresses for Plaintiff and Defendants Dr. Peter H. Niebyl, Anne P. Spillane, Louise Bounds, and James Bounds. In addition, Plaintiff and the Bounds Defendants reside at the same address.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019).

Plaintiff attended a video bail hearing and was given a $50,000 cash bail. (*Id.* at 7). He alleges the bail was excessive and violated his constitutional rights. (*Id.*). On February 6, 2019, Plaintiff was transferred to SCI where he was detained for thirty days. (*Id.* at 4). Plaintiff invoked his Fifth Amendment rights upon entry to SCI. (*Id.*). That day he was maced, dragged, and his head was slammed into a door frame by unnamed individuals. (*Id.* at 5-6). Next, Plaintiff was placed in a chair and an unnamed nurse asked for his medical consent for treatment and Plaintiff replied, "no, I plead the 5th." (*Id.* at 6). Plaintiff was administered tuberculosis and flu vaccines. (*Id.* at 5). Plaintiff alleges the nurse asked about his injured left hand and bloody skin, but Plaintiff provided no information "out of fear of more abuse." (*Id.*). Plaintiff alleges the administration of the vaccines violated the Geneva Convention and the International Covenant on Civil and Political Rights. (*Id.*). Plaintiff was housed in "medical" due to a fever and flu-like symptoms. (*Id.*). During this time, Plaintiff invoked the Fifth Amendment. (*Id.*).

The next day, Plaintiff was stripped of his clothes and placed on a rubber mat.[3] (*Id.*). Plaintiff spent the remainder of the time in medical "naked and pleading the Fifth." (*Id.*).

On the sixth and seventh day, an inmate was sent to question Plaintiff and he "plead the 5th" to all questions. (*Id.* at 6). Following the interaction with the inmate, five or six unnamed riot squad guards tackled Plaintiff, immobilized his torso and arms, hog-tied him, placed him on a gurney, and transported him to isolation where he remained

---

[3] From the description, it appears that Plaintiff was placed on psychiatric close observation.

2

from ten to fourteen days.  (*Id.*).   Plaintiff alleges that during this time his fingerprints were obtained by force, and he was threatened by guards.  (*Id.*).   After Plaintiff was seen by a mental health professional, the threats stopped.  (*Id.*).

Plaintiff alleges that when he was visited by his parents, an unnamed woman "blackmailed" him with his fingerprints in exchange for the visit.  (*Id.*).   Plaintiff was transferred to a tier and alleges that when he received mail, a guard read Plaintiff's home address out loud.  (*Id.*).

Plaintiff alleges that he was taken to the video center and he was denied his constitutional right to invoke the Fifth Amendment and legal counsel.[4]  (*Id.* at 7).   At the end of the video conference, he was finally read his Miranda rights.  (*Id.*).

Plaintiff alleges asbestos and black mold were present in each cell where he was housed, that one day he awoke with a headache, and that he has had a lingering cough since his incarceration.  (*Id.* at 7-8).   He alleges that he was forced to sleep on the ground outside a cell when the tier became over-populated.  (*Id.* at 8).   He also alleges that while in "the hole" warts appeared on his right hand and anus.  (*Id.*).   Plaintiff made medical aware of the warts, but medical refused to treat Plaintiff.  (*Id.*).   Plaintiff was released shortly after.  (*Id.*).   The warts were documented by Defendants Dr. Spillane and Dr. Niebyl.  (*Id.*).   Plaintiff alleges that he is in constant pain.  (*Id.*).

Plaintiff seeks one hundred billion dollars in compensatory damages.  (*Id.* at 9).

---

[4] The date is not provided.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent

4

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

5

## DISCUSSION

**Eleventh Amendment Immunity.** Two of the named Defendants, SCI and the State of Delaware are immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because neither the SCI nor the State of Delaware are persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); 288 F. App" 47 (3d Cir. 2008) Therefore, the Court will dismiss the SCI and State of Delaware based upon their immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**State Actors.** None of the remaining Defendants are State actors. As noted, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *See* n.2, *supra*. To act under "color of state law" a defendant must be "clothed with the authority of state

6

law." *West*, 487 U.S. at 49. There are no allegations that any of the four individual defendants are state actors or that they took any action under color of state law.

The allegations are that both Defendant physicians documented that Plaintiff suffers from warts. There are no allegations directed towards the Bounds Defendants. Nor are there any allegations that these four defendants are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). The claims against them have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Personal Involvement**. The Amended Complaint contains allegations of excessive use of force, failure to provide medical treatment, unlawful conditions of confinement, and excessive bail, all in violation of Plaintiff's constitutional rights. Aside from the general allegations, the Amended Complaint does not point to any one individual who may have violated Plaintiff's constitutional rights.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

7

Under the liberal notice pleading standard of Rule 8(a), the Amended Complaint fails to allege facts that, if proven, would show personal involvement because the foregoing claims are not directed towards any individual – a named defendant or otherwise. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d at 353 (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)). The Amended Complaint fails to include any of those elements with regard to the foregoing claims. Therefore, these claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it is plausible that Plaintiff may be able to articulate a claim against named individuals, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**Geneva Convention and International Covenant on Civil and Political Rights.** Plaintiff claims violations of the Geneva Convention and International Covenant on Civil and Political Rights. However, the Geneva Convention, which codifies the law of war, *see, e.g.*, *Kadic v. Karadzic*, 70 F.3d 232, 242-43 (2d Cir. 1995), does not confer standing to bring a private civil suit, *see, e.g.*, *Nattah v. Bush*, 770 F. Supp. 2d 193, 204 & n.5 (D.D.C. 2011) ("[T]he Geneva Convention does not create a right of action for private individuals to enforce its terms."). Accordingly, the Geneva Convention claim will be dismissed as legally frivolous.

Similarly, the International Covenant on Civil and Political Rights does not provide for a private cause of action. The International Covenant on Civil and Political

8

Rights is a multi-lateral treaty to which the United States is a party, but one that is "not self-executing and so did not itself create obligations enforceable in the federal courts." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *see also Madden v. Holt*, 2005 WL 3336515, at *2 (M.D. Pa. Dec. 8, 2005) ("Courts have uniformly held that the ICCPR is not self-executing and that, therefore, it does not give rise to a private right of action."). Therefore, the International Covenant on Civil and Political Rights claim will be dismissed as legally frivolous.

## CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as frivolous, for failure to state claims upon which relief may be granted, and based upon Defendants' immunity form suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B). All Defendants will be dismissed. Plaintiff will be given leave to amend the excessive use of force, failure to provide medical treatment, unlawful conditions of confinement, and excessive bail claims. Amendment is futile as to all other claims.

An appropriate order will be entered.