IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACOB NALL, | : |
| Plaintiff, | : |
| | : CONSOLIDATED |
| v. | : Civil Action. No. 19-2187-RGA |
| SUSSEX CORRECTIONAL INSTITUTION, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington this 1st day of June, 2020, having considered Plaintiff's motion for reconsideration (D.I. 16) and motion to compel evidence (D.I. 17);

IT IS ORDERED that the motion for reconsideration (D.I. 16) is **DENIED**; the motion to compel evidence (D.I. 17) is **DENIED** without prejudice to renew; and Plaintiff is given until on or before **June 22, 2020**, to file a second amended complaint, for the reasons that follow:

On April 24, 2020, the Court screened Plaintiff's Amended Complaint, dismissed several claims, and gave him leave to amend. (D.I. 14, 15). Plaintiff moves for reconsideration on the grounds that: (1) his due process rights were denied when the Court denied his motion to compel evidence; (2) the Court did not address the allegation of multiple Hippocratic oath violations; (3) he does not have names of individuals so he cannot file "individual charges;" (4) he considers the defendant physicians as State actors who can attest to his pain and suffering; (5) the Fifth Amendment Double Jeopardy claim is a separate claim from "personal involvement;" (6) the Court erred in

1

applying the law; and (7) he has filed multiple motions to obtain video footage. (D.I. 16).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The motion must rely upon one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the memorandum and order that screened the Amended Complaint as well as the Amended Complaint itself and the applicable law. To the extent Plaintiff claims he is unable to identify individuals, he may cure his pleading defects by naming John or Jane Doe defendants with supporting facts to state a claim.

Plaintiff argues that the Court did not address his Hippocratic Oath claims, and this is correct. It was unclear that Plaintiff sought to raise such a claim. Nonetheless, a violation of the Hippocratic Oath, in itself, does not state a claim for a constitutional violation. *See Moore v. St. John's Hosp.*, 2016 WL 1735769, at *3 (C.D. Ill. Mar. 23, 2016).

With regard to Plaintiff's other grounds for reconsideration, there is no error and reconsideration is not appropriate. Therefore, the motion for reconsideration will be denied. Plaintiff will be given additional time to file a second amended complaint.

Finally, the Court will deny without prejudice the motion to compel evidence. (D.I. 18). It is premature given the stage of the case.

/s/ Richard G. Andrews  
UNITED STATES DISTRICT JUDGE