IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACOB NALL, | : |
| | : |
| Plaintiff, | : |
| | : CONSOLIDATED |
| v. | : Civil Action. No. 19-2187-RGA |
| | : |
| SUSSEX CORRECTIONAL INSTITUTION, et al., | : |
| | : |
| Defendants. | : |

Jacob Nall, Berlin, Maryland.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 3, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Jacob Benjamin Nall, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on November 25, 2019.  (D.I. 2).  On December 19, 2019, the case was consolidated with three other cases filed by Plaintiff.  (*See* D.I. 10).   The Amended Complaint was screened and dismissed; Plaintiff was given leave to file second amended complaint.   (D.I. 14, 15).   The Second Amended Complaint was filed on June 22, 2020, which I now review and screen under 28 U.S.C. § 1915(e)(2)(B).   (D.I. 23).   Plaintiff recently filed a motion compel evidence and a request to change his prayer for relief.   (D.I. 24).

## BACKGROUND

As was the case with the Amended Complaint, the Second Amended Complaint is not brought pursuant to any statute, although its allegations indicate some claims arise under 42 U.S.C. § 1983 and others arise under Delaware law.[1]   Plaintiff alleges violations of the Fifth and Eighth Amendments as well as supplemental state claims of assault, blackmail, and the violation of the Hippocratic oath.   (D.I. 23).   The Second Amended Complaint does not provide a time-frame, but other pleadings indicate the actions complained of occurred while Plaintiff was held at Sussex Correctional Institution in Georgetown, Delaware, from February 6 through April 23, 2018.   (D.I. 2, 13).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019).

1

The Second Amended Complaint does not contain a case caption or a list of the parties so it is not clear who Plaintiff names as Defendants. It refers to John Doe 1 who allegedly maced, tackled, and slammed Plaintiff's head against a door frame. (D.I. 23 at 1). It refers to Jane Does 1, 2, and 3 and John Does who attempted to speak to Plaintiff and to whom he responded by invoking the Fifth Amendment of the United States Constitution. (*Id.*).

Plaintiff alleges that he was stripped of his clothing and placed in a cell.[2] (*Id.* at 2). Later, the riot squad pinned Plaintiff to his bed and Plaintiff was interviewed by nursing staff. (*Id.*). Plaintiff was then "hogtied in handcuffs ankles to wrists and placed on a gurney" and taken to isolation. (*Id.* at 2). Plaintiff alleges that he requested a phone call and representation multiple times, and his requests were denied. (*Id.*). He was interviewed by mental health personnel and invoked the Fifth Amendment. (*Id.*).

Plaintiff alleges that during intake his nurse injected him with tuberculosis and flu vaccines and placed medication in his mouth without his consent. (*Id.* at 4). Seven to ten days later Plaintiff was taken to Tier 4 and Officer Neil placed a pedophile in Plaintiff's cell. (*Id.* at 2). Plaintiff alleges that days later his home address was read to the entire tier and this made him afraid. (*Id.*). Plaintiff alleges that Officer Neil and John Does 1, 2, 3, 4, 5, and 6 denied him legal representation and a phone call. (*Id.* at 3).

Plaintiff was transferred to a cell where he was forced to sleep on the floor because no beds were available. (*Id.*). Plaintiff alleges that John Doe, who was in a

---

[2] From the description, it appears that Plaintiff was placed on psychiatric close observation.

2

top bunk, urinated on him and Plaintiff was transferred to another cell. (*Id.*). Plaintiff alleges that he was maced for disobeying an order when he made a statement to John Doe guard, dropped his food tray, was told to lock in and refused, and was maced and taken to the hole. (*Id.*). Plaintiff alleges that a John Doe guard twisted his handcuffs as Plaintiff yelled, "I'm consenting." (*Id.*). Plaintiff describes his cell as containing live mice, mold, asbestos, and standing water. (*Id.*).

Plaintiff was removed from the cell and forced to sleep on the ground with two inmates. (*Id.*). Plaintiff alleges that he woke up with his jumpsuit around his thighs and with a slimy substance on his upper lip and right hand.[3] (*Id.*). He alleges that several days later two warts appeared on his right palm and two on his anus. (*Id.*). He notified medical and was refused treatment. (*Id.*). Plaintiff was released several days later. (*Id.*).

Plaintiff complains of treatment provided by Dr. Anne Spillane, Dr. Peter Niebyl, and Dr. Ross Antwerp following his release from prison. (*Id.* at 5). He seeks $1.5 million dollars in compensatory damages. (D.I. 24). He moves to compel the production of February 6, 2018 intake footage at the SCI; requests a new judge "citing possible mental/incompetency/illness" based upon my prior opinions and orders; and has filed another motion to compel evidence. (D.I. 23 at 7, D.I. 24).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

---

[3] It seems that Plaintiff attempts to allege he was sexually assaulted.

3

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his second amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007).   Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.   *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.   *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.*

## DISCUSSION

The Second Amended Complaint is deficiently pled.   It is unclear who is named as a defendant.   It does not specifically name any individual as a defendant.   Instead, it refers to "John Doe," not "Defendant John Doe."   In addition, John Doe is referred to

5

repeatedly, but it is far from clear that "John Doe" is the same individual throughout the pleading.  It appears that he is not.

The Second Amended Complaint details what happened to Plaintiff while he was held at SCI, but in most instances the description does not rise to the level of a constitutional violation.  In other instances, the description could be construed as a constitutional violation but Plaintiff does not name or describe the individual who took the alleged action.

In addition, the Second Amended Complaint refers to several physicians, none of whom are alleged to be state actors or to have been acting under color of state law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *See* n.1, *supra*. To act under "color of state law" a defendant must be "clothed with the authority of state law."  *West*, 487 U.S. at 49.

To the extent Plaintiff attempts to raise medical negligence claims, the claims fail. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.  *See* 18 Del. C. '§§ 6801-6865.  When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury.  *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); *see* 18 Del. C. § 6853. Because plaintiff appears to allege medical negligence, at the time he filed the

complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness.  *See* 8 Del. C. § 6853(a)(1).   He did not.

The Second Amended Complaint does contain allegations of excessive use of force, unlawful conditions of confinement, deliberate indifference to medical needs, and perhaps a failure to protect, all in violation of Plaintiff's constitutional rights.   Aside from the general allegations, the Amended Complaint does not point to any one individual who may have violated Plaintiff's constitutional rights.   Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct.   In other words, defendants are "liable only for their own unconstitutional conduct."   *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015).   "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."   *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Under the liberal notice pleading standard of Rule 8(a), the Second Amended Complaint fails to allege facts that, if proven, would show personal involvement because the relevant claims are not directed towards any individual.   As discussed, there are no named defendants.   Therefore, these claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   Since it is plausible that Plaintiff may be able to articulate a claim against individuals, he will be given one final opportunity to amend his pleading as to the following claims:   excessive use of force, unlawful conditions of confinement, deliberate indifference to medical needs, and failure to protect.

7

## MISCELLANEOUS MOTIONS

Plaintiff's motion to compel evidence will be denied as premature. (D.I. 24). To date, there is no operative pleading.

Plaintiff's formal request for a new judge will be denied. (D.I. 23 at 7). Plaintiff seeks assignment of a new judge because he disagrees with rulings I have made in this case. Plaintiff does not indicate under what recusal statute he proceeds. I presume he seeks my recusal under 28 U.S.C. § 455.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Plaintiff's request for a new judge rests upon his displeasure with rulings I have made. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice. Nor would a reasonable, well-informed

8

observer question my impartiality. I have no actual bias or prejudice towards Plaintiff. There are no grounds for my recusal, and the motion will be denied.

## CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will deny as premature Plaintiff's motion to compel evidence and will deny his motion for a new judge. (D.I. 23, 24). Plaintiff will be given leave to file a third amended complaint as to the excessive use of force, unlawful conditions of confinement, deliberate indifference to medical needs, and failure to protect claims. Amendment is futile as to all other claims.

An appropriate order will be entered.